IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KATHERINE ROMERO and TIM ROMERO,<br><br>    Plaintiffs,<br>vs.<br><br>GULF STATE CREDIT, L.P., GULF STATE CREDIT, L.L.C., JAYHAWK ACCEPTANCE CORP., and CREDIT DATA SOUTHWEST, INC.,<br><br>    Defendants. | No. CIV 98-1459 PK/WWD |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant Jayhawk Acceptance Corporation's Motion to Dismiss Plaintiffs' Complaint filed June 22, 1999 (doc. 20), and the court, being advised fully in the premises, finds that the motion is well taken and should be granted so as to dismiss Plaintiffs' claims against Defendant Jayhawk Acceptance Corporation without prejudice.

Background

As set forth in the First Amended Complaint filed January 7, 1999 (doc. 3), in October 1994, Plaintiff Katherine Romero ("Katherine") purchased a vehicle from Competition Auto Sales ("Competition") that was financed by Defendant

Jayhawk Acceptance Corporation ("Jayhawk"). Competition had obtained the vehicle from, and was in default on payment to, wholesaler David Cowan and Varela Auto Wholesale, Inc. ("Cowan and Varela"). In September 1995, Cowan and Varela repossessed the vehicle. In December 1995, Katherine obtained an injunction in state court requiring Cowan and Varela to surrender the title and vehicle, and cease repossession attempts. Katherine and Jayhawk entered into a settlement in March 1996 whereby Jayhawk reimbursed Katherine for monies paid on the vehicle, less its fair rental value during her use and Katherine surrendered the title. Despite the settlement, Jayhawk sold Katherine's obligation as a bad debt to Defendants Gulf State Credit, L.P. and Gulf State Credit, L.L.C. ("Gulf State"), and reported it to Defendant Credit Data Southwest, Inc. ("CDSW"). Plaintiffs allege that despite being notified of the settlement, Gulf State continued its collection efforts, Jayhawk continued reporting that the vehicle had been repossessed with a past due balance, and CDSW reported a past due balance. Plaintiffs allege that they have been denied credit based upon the allegedly false and derogatory information.

Plaintiffs sought relief from Jayhawk based upon breach of the settlement agreement (count I); from Gulf State based upon the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692e(2)(A), 1692g(b) (count II); and against CDSW based upon the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(b), 1681i(a). Plaintiffs seek actual damages, statutory damages, punitive damages, injunctive

relief, costs and attorney fees.  Plaintiff have settled with Gulf State and that count (count II) has been dismissed with prejudice, although the court retained jurisdiction to enforce the settlement agreement.

Discussion

Plaintiffs are pursuing Jayhawk only on a state law breach of contract claim; the parties are in agreement that no independent basis for federal jurisdiction exists.  Plaintiff relies upon supplemental jurisdiction, 28 U.S.C. § 1367(a), specifically pendent party jurisdiction.  The parties disagree about whether Plaintiffs' breach of contract claim against Jayhawk is so related to the Fair Credit Reporting Act claims against CDSW that the breach of contract claim forms part of the same case or controversy under Article III.  See 28 U.S.C. § 1367(a).  They also disagree about whether the court should exercise its discretion and hear the claims against the pendent party.

The exercise of supplemental jurisdiction under § 1367(a) is discretionary. See City of Chicago v. International College of Surgeons, 118 S. Ct. 523, 533 (1997); Gold v. Local 7 United Food & Commercial Workers Union, 159 F.3d 1307, 1310 (10th Cir. 1998).  Courts have traditionally considered whether the claims derive from "a common nucleus of operative fact" and whether the plaintiff would ordinarily expect to try them in one proceeding.  United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  A court also considers the factors

that may counsel against supplemental jurisdiction contained in § 1367(c). See International College of Surgeons, 119 S. Ct. at 533-34 (discussing analysis of factors).

The court declines to exercise supplemental jurisdiction over the claims against Jayhawk because the state and federal claims that are left really do not share a common nucleus of operative fact, and for that reason one would not expect to try them together. Regardless, the state claim against Jayhawk would predominate over the federal claim, see 28 U.S.C. § 1367(c)(2). See Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1018 n.4 (5th Cir. 1993) (noting § 1367(c)(2)).

Plaintiffs' claim against CDSW involves the adequacy of its procedures to assure that accurate information is contained in a credit report and its failure to delete the information in question after investigation. While Plaintiffs' allege that Jayhawk continually provided the incorrect information to CDSW, in violation of the settlement agreement with the Plaintiffs, the facts surrounding the breach of contract claim are quite distinct from those involving the conduct of CDSW. Specifically, Jayhawk contends that the breach of contract claim will involve determining whether Jayhawk was precluded by the terms of any settlement agreement from carrying the rescinded contract, and selling it in a bulk sale of delinquent paper to Gulf State. CDSW is not a party to the settlement agreement. As noted, the claim against CDSW involves its procedures and

investigation practices.  While there is some overlap concerning actual damages resulting from denial of credit, the evidence for the claims is not substantially similar and overlapping.  See Salei v. Boardwalk Regency Corp., 913 F. Supp. 993, 999 (E.D. Mich. 1996).

Thus, the claims against Jayhawk and CDSW are factually and legally distinct, and a "but for" relationship between the events in question (i.e., but for the breach of contract, the inaccurate credit report would not have occurred) is not sufficient to comprise a common nucleus of operative fact.  See 16 Robert C. Casad et al., Moore's Federal Practice, § 106.24[2] (1999).  Additionally, the breach of contract action would predominate.  See id. § 106.65 (1999) (noting that state claim may predominate where a substantial quantity of evidence will not be relevant to federal claim).  Accordingly, Plaintiffs' claims against Jayhawk should be dismissed without prejudice.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Defendant Jayhawk Acceptance Corporation's Motion to Dismiss Plaintiffs' Complaint filed June 22, 1999 (doc. 20) is granted as to Defendant Jayhawk.

IT IS FURTHER ORDERED that Plaintiffs' claims against Defendant Jayhawk Acceptance Corporation (count I of the amended complaint) are

dismissed without prejudice.

DATED this <u>1st</u> day of July 1999, at Santa Fe, New Mexico.

*/s/ Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Angelica Anaya-Allen, Legal Aid Society of Albuquerque, Inc., Albuquerque, New Mexico for Plaintiffs.

Louis J. Vener, Albuquerque, New Mexico, for Defendant Jayhawk Acceptance Corporation.